J-S55008-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY LEE HENSEL | : | |
| | : | |
| Appellant | : | No. 12 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011315-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY LEE HENSEL A/K/A JEREMY SMITH | : | |
| | : | |
| | : | No. 13 WDA 2019 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered December 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011316-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY LEE HENSEL | : | |
| | : | |
| Appellant | : | No. 14 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003974-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    FILED NOVEMBER 4, 2019

As reflected in the above caption, Jeremy Lee Hensel (Appellant), purports to appeal from "the judgment of sentence" imposed on December 17, 2018.[1]   In addition, Appellant's counsel (Counsel) has filed a brief and application to withdraw as counsel pursuant to Anders v. California, and Commonwealth v. Santiago.[2]   After careful review, we quash.   We also deny Counsel's request to withdraw.

In July 2017, the Commonwealth alleged that Appellant violated his probation, and on February 13, 2018, the trial court held a hearing, after which it revoked Appellant's probation.   The trial court sentenced Appellant to an aggregate 5 to 10 years of incarceration.   Appellant filed an appeal.   This Court vacated Appellant's February 13, 2018 judgment of sentence and remanded "for the trial court to address Appellant's RRRI eligibility only." Commonwealth v. Hensel, 386 WDA 2018 (Oct. 13, 2018) (unpublished memorandum).

Following remand, the entries in the three trial court dockets, both individually and collectively, are confusing and inconsistent.   For example, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On December 27, 2018, Appellant filed three notices of appeal, one at each docket; on February 4, 2019, this Court sua sponte entered an order consolidating the three appeals.

[2] Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).

docket at CP-02-CR-0011315-2014 shows that on November 7, 2018, in response to the Superior Court's October 30, 2018 decision, the trial court scheduled a hearing on Appellant's RRRI eligibility for December 17, 2018. The next docket entry reflects Appellant's Motion for Faretta/Grazier Hearing filed on December 6th; the following docket entry is the underlying notice of appeal filed by Appellant on December 27, 2018. Significantly, no judgment of sentence dated December 17, 2018 appears in any of the three dockets or in the certified docket entries submitted to this Court. On January 16, 2019, there is an entry indicating that Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court from this Court's October 30, 2018 decision. We also note that there are two trial court judges: until her retirement, the Honorable Donna Jo McDaniel presided; as evidenced by the dockets, in mid-2019, the cases were reassigned to the Honorable Edward J. Borkowski. Judge Borkowski summarized:

> On December 17, 2018, and while [Appellant's] Application for Reargument was still pending before the Superior Court, the Honorable Donna Jo McDaniel held a hearing which was titled "Resentencing" in which she informed Appellant she had neglected to inform him at his prior sentencing that he was not RRRI eligible. However, the [trial] court never vacated the judgment of sentence and [never] imposed a new sentence addressing the RRRI eligibility. Additionally, the Honorable Donna Jo McDaniel never issued an Amended Order of Sentence in these matters.

Trial Court Opinion, 6/28/19, at 4. Judge Borkowski added that he "awaits further guidance from the Superior Court in these matters." Id. at 5.

Likewise, the Commonwealth "respectfully defers to [the Superior] Court [as to] whether the [trial] court had jurisdiction to determine that [A]ppellant was not RRRI eligible and correct a patent error or if the matter should be remanded for a jurisdictionally appropriate RRRI eligibility determination." Commonwealth Brief at 10.

Conversely — and seeking to withdraw from representation — Appellant's Counsel states that "Appellant is not entitled to relief as the failure to make a[n] RRRI determination is patent error which can be corrected by a court of common pleas . . . ." Anders Brief at 8. However, the notices of appeal filed by Counsel on Appellant's behalf read:

> NOTICE is hereby given that [Appellant], Defendant above named, appeals to the Superior Court of Pennsylvania from the December 17, 2018 judgment of sentence of the Honorable Donna Jo McDaniel, Judge of the Court of Common Pleas of Allegheny County, Criminal Division. **No written order has yet been issued.**

Notice of Appeal, 12/27/18 (bold in original).

Our review confirms that no written order (or judgment of sentence) was ever entered. Accordingly, we lack jurisdiction. The Rules of Appellate Procedure provide:

Requisites for an Appealable Order

(a) Entry upon docket below.

(1) Except as provided in paragraph (2) of this subdivision, no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court. Where under the applicable practice below an order is entered in two or more

- 4 -

dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.

(2) In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court.

(b) Separate document required. Every order shall be set forth on a separate document.

Pa.R.A.P. 301.

Instantly, Appellant has appealed from a nonexistent order where there is no "separate document," and no December 17, 2018 order was ever docketed. Gavula v. ARA Servs., Inc., 756 A.2d 17, 19 (Pa. Super. 2000) ("Before an order of the lower court becomes appealable, it must be entered on the docket."). As there is no order, there can be no appeal.

Appeal quashed. Counsel's request to withdraw denied.[3]

_____

[3] In response to Judge Borkowski's request for "further guidance," and after reviewing the notes of testimony from the December 17, 2018 hearing where Appellant appeared with counsel and Judge McDaniel advised Appellant that he is not RRRI eligible, we direct that Judge Borkowski (or one his Criminal Division colleagues if he is unavailable) to enter an amended judgment of sentence as a "separate document" to be docketed consistent with Pa.R.A.P. 301.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2019